IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSE DIVISION

|  |  |  |
|---|---|---|
| _____ | ) | |
| DINA PARTIN, | ) | |
|         Plaintiff, | ) | |
|  | ) | |
|     v. | ) | Civil Action No. 4:20 cv 00065 (RH) |
|  | ) | |
| AMTEC LESS LETHAL SYSTEMS, INC., | ) | |
|         Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S MOTION TO DISMISS
FOR LACK OF DIVERSITY JURISDICTION
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant AMTEC Less Lethal System, Inc. ("ALS"), through the undersigned counsel, respectfully submits this motion to dismiss the complaint by plaintiff, Dina Partin. Defendant is entitled to judgment as a matter of law because this Court lacks diversity jurisdiction on account of both Plaintiff and Defendant being citizens of Florida. In support of this memorandum, Defendant relies on Plaintiff's complaint ("ECF No. 1"), and the attached sworn Declaration.

Plaintiff alleges that, "This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity jurisdiction) as it is between citizens of different states . . . . Plaintiff, DINA PARTIN, . . . is a citizen of the State of Florida. . . . Defendant, AMTEC LESS LETHAL SYSTEMS, INC. . . . is a corporation incorporated under the laws of Wisconsin with its principal place of business in Virginia [sic]." Complaint, ¶¶1-3.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1). ALS' principal place of business is in Perry, Florida. Declaration of Joseph E. Schmitz, ¶3 (attached). Accordingly, as both Plaintiff and Defendant are Florida citizens, this Court lacks diversity jurisdiction, and should dismiss. *Cf.*

*Moll v. Allstate Floridian Ins. Co.*, 2005 WL 2007104 (NDFL 2005) ("AFIC's principal place of business is located in Florida.  Accordingly, AFIC must be considered a citizen of Florida for diversity purposes.  Since the named plaintiffs, as well as the large majority of any putative class members, are Florida citizens, diversity jurisdiction does not exist . . . ."); *see University of S. Alabama v. American Tobacco*, 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking.").[1]

WHEREFORE, ALS respectfully requests that the Court grant this motion, and dismiss the diversity lawsuit for lack of complete diversity.

Dated:  March 6, 2020                    Respectfully submitted,

/s/ David L. McGee
David L. McGee
Florida Bar #220000
BEGGS & LANE RLLP
501 Commendencia Street
Pensacola, Florida  32502
(850) 469-3332
dlm@beggslane.com

*Attorney for Defendant ALS*

---

[1] ALS reserves its rights to move to dismiss for failure to state a claim upon which relief can be granted and for sanctions based on filing a frivolous lawsuit that is precluded by workers comp. exclusivity.  Florida's Worker's Compensation Statute § 440.11 ("an employer's actions shall be deemed to constitute an intentional tort and not an accident only when the employee proves, by clear and convincing evidence, that … the employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warning specifically identifying a known danger, was virtually certain to result in injury or death to the employee…."); c*f. In re. P. I. v. Blackwater*, No. 2006-LDA-00015, Slip Op. at 15 (U.S. Dep't of Labor 2009) ("It is settled that willful, wanton, reckless and unlawful misconduct are insufficient to avoid the [federal workers compensation law known as the Defense Base] Act's exclusivity as a remedy.  ―Nothing short of a specific intent to injure the employee falls outside the [Act's] scope.   Something approaching King David's plot to kill Uriah the Hittite must be shown."  (footnotes omitted)).

## DECLARATION OF JOSEPH E. SCHMITZ

I, Joseph E. Schmitz, being of adult age, sound mind and body, hereby state the following:

1. I am the Chief Legal Officer of PACEM Solutions International and of PACEM Defense LLC, and have been serving in this capacity since May 2018. Based on my position, I have personal knowledge of the facts I assert below.

2. In October 2018, PACEM Defense LLC acquired all of the outstanding shares of AMTEC Less Lethal Systems, Inc., a Wisconsin corporation, aka ALS, from AMTEC Corporation, also a Wisconsin corporation.

3. At the time of the incident that is the subject of Plaintiff's complaint, and continuously through to the present, ALS's principle place of business has been Perry, Florida.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that all of my above statements are true and correct to the best of my knowledge and belief.

March 6, 2020

Joseph E. Schmitz