**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSE DIVISION**

_____  )
                                          )
DINA PARTIN,                              )
                        Plaintiff,        )
                                          )
            v.                            )        Civil Action No. 4:20 cv 00065 (RH)
                                          )
AMTEC LESS LETHAL SYSTEMS, INC.,          )
                        Defendant.        )
_____  )

**DEFENDANT'S UNOPPOSED MOTION FOR STAY OF DISCOVERY
PENDING RESOLUTION OF ITS MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant and moves this Court for a stay of discovery pending resolution of Defendant's pending 12(b)(1) motion to dismiss for lack of diversity, *i.e.*, subject matter jurisdiction. In support of its motion, Defendant would cite the following facts:

1.      Plaintiff's allegation of subject matter jurisdiction rests entirely on its assertion that diversity jurisdiction exists because Plaintiffs principal place of business is somewhere other than Florida.

2.      Defendant's motion to dismiss is based on the sworn statement of the Chief Legal Officer of Defendant's parent company that Defendant's principal place of business is in Perry, Florida, in which case federal diversity jurisdiction does not exist. This is an exceedingly simple issue, the facts underlying which Plaintiff, who was an employee at the plant in Perry, Florida, is familiar. See Complaint at paragraph 5. Defendant does not expect her to contest the diversity issue. Plaintiff's failure to oppose this motion strongly suggests she would not be prejudiced by a stay of discovery.

3.      Because federal courts are courts of limited jurisdiction, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction suo sponte whenever it may be lacking." *University of South Alabama v. The American Tobacco Company et al*, 168 F.3d 405, 410 (11th Cir. 1999); *see SunTrust Bank v. Stripling*, No. 4:19-cv-422-MW/MJF, Slip Op. at 6 (N.D. Fla. Dec. 3, 2019) ("Absent a grant of subject-matter jurisdiction from Congress, a court 'is powerless to act.' *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); . . . . 'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).").  The issue raised by Defendant's motion to dismiss is then both dispositive of the entire case and likely to be resolved quickly.

<u>ARGUMENT</u>

A stay of discovery makes sense in the circumstances of this case. There is pending before the Court a motion to dismiss that appears well founded and is completely dispositive of the case.  Moreover, because the motion to dismiss questions the court's jurisdiction it should be decided quickly.  Plaintiff does not oppose the motion.  In such circumstances this court has authority to grant a stay.  A court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Catano v. Catano*, 2019 WL 6118371, ¶2 (S.D. Fla. 2019); *see Johnson Board of Regents of University of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("We accord district courts broad discretion over the management of pre-trial activities including discovery and scheduling").  In similar circumstances, other courts have granted stays. *See, e.g., Gibbons National Mortgage LLC*, 2015 WL 12840959 at *1 (M.D. Fla. May 18, 2015) ("courts

have held that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action"); *Safeco Ins. Co. of America v. Amerisure Ins. Co.*, 2014 WL 12621558 at *1 (M.D. Fla. Sept. 9, 2014) ("Where a preliminary motion may dispose of the entire action, a court has good cause to stay the case pending resolution of the dispositive motion"). A stay of discovery pending resolution of the jurisdiction issue will prevent Defendant from expending the time and expense necessary to prepare the defense of a case that will likely be dismissed.

WHEREFORE, Defendant's ask the Court to stay all discovery pending a ruling on its motion to dismiss.

/s/ David L. McGee
David L. McGee
FL Bar No. 220000
BEGGS & LANE RLLP
501 Commendencia Street
Pensacola, FL  32502
(850) 432-2451
dlm@beggslane.com
Attorneys for Defendant
AMTEC LESS LETHAL SYSTEMS, INC.

**LOCAL RULE 7.1(B) CERTIFICATE OF CONSULATION**

I CERTIFY that I spoke with counsel for Plaintiff on March 12, 2020, as to their position on this motion who authorized me to state they have no objection to this motion.

## CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been filed via CM/ECF for electronic distribution to the following on March 13, 2020:

Matthew D. MacNamara
Robert M. Scott
J. Clint Wallace
SCOTT & WALLACE LLP
209 E. Brevard St.
Tallahassee, FL  32301

/s/ David L. McGee
David L. McGee
FL Bar No. 220000
BEGGS & LANE RLLP
501 Commendencia Street
Pensacola, FL  32502
(850) 432-2451
dlm@beggslane.com
Attorneys for Defendant
AMTEC LESS LETHAL SYSTEMS, INC